## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

LEVI SMITH,

      Petitioner,

v.

NATHANIEL QUARTERMAN,

      Respondent.

§
§
§
§
§
§
§   **Civil No. SA-07-CA-399-XR**
§
§
§
§
§

## ORDER

**FACTUAL AND PROCEDURAL HISTORY**

      Respondent has lawful custody of petitioner pursuant to a state court judgment as a result of Petitioner's conviction of aggravated robbery with a deadly weapon in the 186th Judicial District Court of Bexar County, Texas.[1]  In brief and as found by the Texas courts, Petitioner and a companion broke into a family business and apartment on August 26, 2001, stealing items and demanding a key to a safe.[2] "Throughout the robbery, one of the robbers, later determined to be [Petitioner], held and fired a gun at several members of the family."[3] A jury convicted Petitioner of

---

[1] *Texas v. Levi Wayne Smith*, cause number 2001CR6471B.

[2] *Ex parte Levi Smith*, App. No. WR-65, 719-01 at 83 (Nov. 6, 2006).

[3] *Id.*

aggravated robbery with a deadly weapon.[4] Because of Petitioner's prior conviction for sexual

assault,[5] the jury assessed Petitioner's punishment at sixty years imprisonment.[6] Trial counsel filed

a motion to withdraw as counsel, which the trial court granted.[7] Petitioner filed a *pro se* motion for

a new trial, notice of appeal, and motion for appointment of counsel on appeal.[8] Counsel on appeal

filed a notice of appearance on June 3, 2003.[9]

Petitioner raised two issues to the Fourth Court of Appeals: ineffective assistance of trial

counsel for failing to properly object to prejudicial evidence, procure the presence of crucial

witnesses, and request the inclusion of lesser included offenses in the jury charge; and factually

insufficient evidence to sustain his conviction.[10] The Fourth Court rejected the claim of ineffective

assistance due to silence in the record as to "the extent of trial counsel's investigation into the factual

and legal basis of the State's case," and trial counsel's strategy.[11] The Fourth Court also found that

based on the evidence found in Petitioner's pockets, testimony from the Martinez family, and

testimony from the police officers who captured Petitioner, "a rational jury could have found that

---

[4] *Id.* at 68.

[5] *Id.* at 69.

[6] *Id.* at 75.

[7] Tr. 88.

[8] Tr. 89, 98, 105.

[9] Tr. 115.

[10] *Ex parte Levi Smith*, *supra* note 2, at 83.

[11] *Id.* at 84.

it was Smith who participated in the robbery and used the gun."[12] The Court affirmed the trial court's judgment.[13]

Petitioner filed a redrawn petition for discretionary review (PDR) on January 11, 2005, raising two issues.[14] First, Petitioner argued that the Fourth Court erred by ruling against the claim of ineffective counsel due to silence in the record as to counsel's trial strategy. Next, he claimed that the Fourth Court erred in ruling that the conviction was supported by factually sufficient evidence. This PDR was refused by the Court of Criminal Appeals on March 2, 2005.

Petitioner then filed an application for a state writ of habeas corpus on May 23, 2006, raising six claims of error: (1) the State unilaterally withdrew a plea bargain agreement for seven years confinement and counsel provided ineffective assistance by not attempting to enforce this agreement; (2) trial counsel failed to move to suppress a prejudicial identification procedure; (3) trial counsel failed to move to suppress the fruits of his illegal arrest; (4) new evidence diminishes Petitioner's culpability; (5) trial counsel failed to object to inadmissible victim impact evidence; and (6) the trial court refused to issue a bench warrant, as requested by Petitioner, to bring Petitioner's co-defendant to testify. Trial counsel, Mr. Garcia, filed an affidavit addressing the withdrawn plea agreement, and Deborah Ann Hadsell filed an affidavit attesting to favorable information she learned after Petitioner's trial from a trial witness. On August 30, 2006, the trial court recommended that the petition be denied.

---

[12] *Id.* at 85.

[13] *Id.* at 81.

[14] Petitioner's initial PDR, filed September 16, 2004, was refused by the Texas Court of Criminal Appeals for failure to comply with the statutory page limitation.

The Court of Criminal Appeals held Petitioner's petition in abeyance on November 15, 2006, to allow the trial court to determine whether Petitioner was indigent; subject to illegal arrest; prejudiced by pre-trial identification procedures; and prejudiced by ineffective representation, including failure to move to suppress or object to evidence. On March 13, 2007, the trial court again recommended the petition be denied. The Court of Criminal Appeals denied the application without written order on May 2, 2007.

Petitioner initiated proceedings in federal court on May 8, 2007, asserting six claims for relief: (1) trial counsel provided ineffective assistance by failing to move to suppress the fruits of Petitioner's illegal arrest, which was made without a warrant or probable cause by an officer; (2) trial counsel provided ineffective assistance by failing to move to suppress an unduly prejudicial identification procedure; (3) the State unilaterally withdrew a plea bargain agreement for seven years confinement in violation of Petitioner's Due Process rights, and trial counsel provided ineffective assistance by not trying to enforce the agreement; (4) new evidence, unavailable at trial, diminishes Petitioner's culpability and impeaches the testimony of a primary witness; (5) the trial court refused to issue the bench warrant to bring Petitioner's co-defendant to testify, and trial counsel was ineffective for failing to make a timely request for the warrant, which would have resulted in testimony favorable to Petitioner; and (6) trial counsel induced Petitioner and his family into hiring counsel by promising to do better than a plea bargain offer for thirty years confinement and then did nothing to protect Petitioner's rights.[15] Respondent denied all of these allegations and contended that both claim six and an argument relevant to claim three are barred by the procedural-default doctrine

---

[15] Docket #1 at 7, 18, 30, 39, 43, 46.

and should be dismissed with prejudice.[16] Magistrate Judge Mathy recommended the dismissal of Petitioner's habeas petition on November 29, 2007.[17]

**STANDARD OF REVIEW**

**Comity and the Exhaustion of Claims**

A petitioner must exhaust his habeas corpus claims in state court before bringing them to federal court.[18] If the claimant submits a petition that includes both exhausted and unexhausted claims, the petition should be dismissed by the federal court.[19] This requirement of total exhaustion will not impair the interest of the claimant, who can always delete unexhausted claims from his federal petition or exhaust the remaining claims before proceeding.[20] However, under AEDPA, "an application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."[21]

**Ineffective Assistance of Counsel**

The right to counsel provided by the Sixth Amendment is a "right to the effective assistance

---

[16] Docket #8 at 7-10.

[17] Docket # 11 at 42.

[18] 28 U.S.C. §2254(b)(1) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State."). *See also Strickland v. Washington*, 466 U.S. 668, 684 (1984) ("The exhaustion rule requiring dismissal of mixed petitions . . . [is] to be strictly enforced.").

[19] *Strickland*, 466 U.S. at 684.

[20] *Rose v. Lundy*, 455 U.S 509, 520 (1982).

[21] 104 P.L. 132 § 104(2).

of counsel."[22] This assistance must meet a standard of reasonable effectiveness under prevailing professional norms,[23] and a judicial review of counsel's performance must be "highly deferential."[24] This is true for challenges to verdicts and sentencing.[25] To claim ineffective assistance of counsel, a petitioner must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."[26] However, "whether a defendant has received adequate assistance is to be judged by 'the totality of the representation,' rather than isolated acts or omissions of trial counsel."[27]

**Factual Insufficiency**

To establish constitutional error, the evidence must meet the burden set forth in 28 U.S.C. §2254 in that it must show that the adjudication of the claim in State court "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court

---

[22] *McMann v. Richardson*, 397 U.S. 759, 771 (1970). *See Reece v. Georgia*, 350 U.S. 85, 90 (1955).

[23] *Strickland* 466 U.S. at 688.

[24] *Id.* at 689.

[25] *Id.* at 695 ("When a defendant challenges a death sentence [on the basis of ineffective assistance of counsel] . . . the question is whether there is a reasonable probability that, absent the errors [of counsel] the sentencer—including the appellate court, to the extent that it independently reweighs the evidence—would have concluded that the balance of aggravating and mitigating circumstances did not warrant death.").

[26] *Id.* at 690.

[27] *Wilkerson v. State*, 726 S.W.2d 542, 548 (Tex. Crim. App. 1986), *quoting Ex parte Raborn*, 658 S.W.2d 602 (Tex. Cr. App. 1983).

proceeding."[28] This statutory requirement is discussed in *Schlup* and *Franklin*, which state that the evidence must "establish sufficient doubt about [Petitioner's] guilt to justify the conclusion that his execution would be a miscarriage of justice *unless* his conviction was the product of a fair trial."[29]

**Illegal Arrest**

The Supreme Court has held that law enforcement officers must have probable cause to arrest. This probable cause exists if "the facts and circumstances within [the officers'] knowledge and of which [the officers] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."[30] However, "while 'the inarticulate hunch, suspicion, or good faith of an arresting officer is insufficient to constitute probable cause,'. . . the U.S. Supreme Court recognized . . . that 'deliberately furtive actions and flight at the approach of strangers or law officers are strong indicia of mens rea, and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest.'"[31] Search and seizure is justified if "the facts and circumstances within [the officers'] knowledge and of which [the officers] had reasonably trustworthy information were sufficient in themselves to warrant a man of reasonable caution in the belief [that the petitioner had committed or was committing an offense]."[32]

---

[28] 28 U.S.C. §2254(d).

[29] *Ex parte Franklin*, 72 S.W.3d at 676.

[30] *Beck v. Ohio* 379 U.S. 89, 91 (1964).

[31] *Muniz v. State*, 672 S.W.2d 804, 806 (Tex. Cr. App. 1984), *quoting Brown v. State*, 481 S.W.2d 106 (Tex. Cr. App. 1972) and *Sibron v. New York*, 392 U.S. 40, 66 (1967).

[32] *Carroll v. United States*, 267 U.S. 132, 162 (1925).

**PETITIONER'S OBJECTIONS**

**The Magistrate Judge incorrectly held that the arresting officer had probable cause to arrest Petitioner.**

The state habeas court found that Officer Muñoz (the arresting officer) "was justified in his suspicion that the man running from him was or might be one of the robbers, and that he was justified in pursuing him into the house where he ran."[33] "A warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed."[34] Probable cause is present when "the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense."[35] Law enforcement officials may make a warrantless entry onto private property to prevent the imminent destruction of evidence or to engage in "hot pursuit" of a fleeing suspect.[36] A suspect may not defeat an arrest which has been set in motion in a public place by the expedient of escaping to a private place.[37]

---

[33] *Ex parte Levi Smith*, App. No. WR-64, 719-01 at 88 (March 26, 2007).

[34] *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). *See* Tex. Code Crim. Proc. Art. 14.04 (2007) ("Where it is shown by satisfactory proof to a peace officer, upon the representation of a credible person, that a felony has been committed, and that the offender is about to escape, so that there is no time to procure a warrant, such peace officer may, without warrant, pursue and arrest the accused.").

[35] *Beck v. Ohio*, 379 U.S. at 91. *See also Evett v. DETNTFF*, 330 F.3d 681, 688 (5th Cir. 2003), *quoting Bigford v. Taylor*, 834 F.2d 1213, 1218 (5th Cir. 1988).

[36] *Utah v. Stuart*, 547 U.S. 398, 403 (2006); *U.S. v. Richard*, 994 F.2d 244, 247-48 (5th Cir. 1993) ("Exigent circumstances include hot pursuit of a suspected felon, the possibility that evidence may be removed or destroyed, and danger to the lives of officers or others.").

[37] *U.S. v. Santana*, 427 U.S. 38, 43 (1976).

The record supports the state habeas court's conclusion. Officer Muñoz heard Officer Aguilar's broadcast, knew that other officers were in hot pursuit of a suspected felon who they reasonably believed was armed, observed a fellow officer pursuing a person in his direction, and observed Petitioner running out of a backyard from the direction of the pursuit. This led Officer Muñoz to believe that Petitioner was the same individual being pursued and gave him probable cause to apprehend Petitioner outside the house. Because Muñoz had probable cause to apprehend Petitioner outside the house, he continued to have that probable cause despite Petitioner's noncompliance with his direct order and subsequent entry into a private residence. Petitioner's entry into the residence was a "deliberately furtive action" and was flight at the approach of a law officer and, thus, when coupled with the officer's specific knowledge relating the suspect to the crime, served as an even stronger indicator of mens rea in giving the officer probable cause to arrest.[38] The Magistrate Judge's holding that Officer Muñoz had probable cause to arrest Petitioner was correct.

**The Magistrate Judge's holding that the unduly suggestive identification procedure did not prejudice Petitioner was inconsistent with the state habeas court's finding and was incorrect.**

Before the Magistrate Judge, Petitioner argued that trial counsel's failure to move to suppress the results of the identification procedure was indicative of ineffective assistance of counsel. However, in order to establish ineffective assistance of counsel, Petitioner must show that the motion to suppress, if made, would have been successful and that counsel's failure to make the motion prejudiced him.[39]

---

[38] *Muniz*, 672 S.W.2d at 806.

[39] *See Strickland*, 466 U.S. at 691. ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.") *See also Id.* at 694 ("Defendant must show that there is a

The identifications made in this case were independently reliable and did not pose a "very substantial likelihood of irreparable misidentification."[40] Here, Petitioner does not even claim that he was misidentified as being part of the crime. Unnecessarily suggestive out-of-court identifications are not per se subject to exclusion but, rather, are admissible if, under the totality of the circumstances, they are sufficiently reliable.[41] "It is the likelihood of misidentification which violates a defendant's right to due process."[42] "The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation."[43] Petitioner matched the description given by the witnesses to the police at the scene. The witnesses confronted Petitioner on the night of the crime. Three witnesses all claimed to have obtained a good look at Petitioner during the commission of the crime. Even beyond the factors, Petitioner does not claim that the suggestiveness of the identification process led to misidentification. For those reasons, the Court does not believe that the motion would have succeeded or, consequently, that not making the motion affected the outcome of the case. Because not making the motion did not affect the outcome and, thus, did not prejudice the Petitioner,

---

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.").

[40]*U.S. v. Rogers*, 126 F.3d 655, 658 (5th Cir. 1997), *quoting Simmons v. United States*, 390 U.S. 377, 384 (1968).

[41] *Cantu v. Collins*, 967 F.2d 1006 (5th Cir. 1992).

[42] *Neil v. Biggers*, 409 U.S. 188, 198 (1972).

[43] *Id*. at 199-200.

Petitioner fails to show that assistance was ineffective on this ground under the *Strickland* test.[44]

**The Magistrate Judge does not sufficiently address Petitioner's claim that trial counsel's failure to request a bench warrant for Petitioner's co-defendant was prejudicial.**

The Magistrate Judge correctly notes that Petitioner has not offered concrete evidence that his co-defendant's testimony would have been helpful at trial or even that co-defendant was willing to testify. The only evidence presented to support this claim is Petitioner's testimony: "Where the only evidence of a missing witness' testimony is from the defendant, [courts] view claims of ineffective assistance with great caution."[45] Theoretical or hypothetical testimony "will not justify the issuance of a writ."[46] Petitioner failed to get an affidavit from his co-defendant stating that he would have testified if called and describing the nature of his testimony and so is unable to show that the outcome of the trial would have been different had his co-defendant testified. Thus, once again, Petitioner fails to show the necessary prejudice to prove ineffective counsel under the *Strickland* test.[47] Moreover, Petitioner has failed to show that the state habeas court's decision was an improper application of federal law or an unreasonable determination of the facts in light of the available evidence.[48]

---

[44]*Strickland*, 466 U.S. at 687 (Illustrating a two part test for ineffective counsel: Petitioner must prove that counsel's performance was deficient and that the deficient performance prejudiced the Petitioner).

[45] *Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986); *Schwander v. Blackburn*, 750 F.2d 494, 500 (5th Cir. 1985).

[46] *Martin v. McCotter*, 796 F.2d 813, 819 (5th Cir. 1986); *Larsen v. Maggio*, 736 F.2d 215, 218 (5th Cir. 1984).

[47] *Id*.

[48] 28 U.S.C. §2254(d).

**The Magistrate Judge failed to correctly address Petitioner's assertion that trial counsel should have presented the plea bargain agreement to the trial court prior to trial.**

The Magistrate Judge was correct in noting that Petitioner has not demonstrated prejudice because he has failed to show that the withdrawn plea agreement for seven years' confinement would have been enforced prior to trial given the evidence that he did not fulfill the terms of the agreement. The Supreme Court has held that a withdrawn plea agreement does not affect Petitioner's constitutional rights: "[Petitioner] can obtain federal habeas corpus relief only if his custody is in violation of the Federal Constitution. A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of the court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution."[49] Even if a prosecutorial promise is broken after a guilty plea has been entered, the Court declines to hold that the Constitution compels specific performance.[50]

Petitioner claims that Magistrate Judge's discussion of the possible enforcement of a withdrawn plea bargain is irrelevant to its argument that trial counsel should have presented the plea bargain to the trial court, but this is not true under *Strickland*. To prove ineffective assistance of counsel, Petitioner must fulfill both prongs of the *Strickland* test and, thus, must show that the deficient performance prejudiced him.[51] This requires that Petitioner show that the outcome of the

---

[49] *Mabry v. Johnson*, 467 U.S. 504, 507-08 (1984).

[50] *Id*. at 510 ("*Santobello* expressly declined to hold that the Constitution compels specific performance of a broken prosecutorial promise as the remedy for such a plea"), *discussing Santobello v. New York*, 404 U.S. 257 (1971).

[51] *Strickland*, 466 U.S. at 687.

case would have been different had counsel performed effectively.[52] If the trial court would not have enforced the plea agreement or would not have prevented the District Attorney's office from withdrawing the plea agreement, Petitioner would not be able to show that the outcome of the case would have been different had trial counsel presented the plea bargain to the trial court. Because the plea bargain is an executory agreement that the District Attorney can withdraw and because the evidence of the record shows that Petitioner could not have lived up to the terms of his end of the plea agreement,[53] it is not possible for Petitioner to show that the outcome of the case would have been different had trial counsel presented the plea bargain to the trial court. As such, the Magistrate Judge's analysis is correct, and trial counsel's failure to present the plea agreement to the trial court before trial was not prejudicial.

**The Magistrate Judge incorrectly describes claim 6 (of inducement to hire counsel) as new when, in fact, it was brought to the highest state court.**

The exhaustion requirement is met when "a federal claim has been fairly presented to state courts."[54] Submission of a new claim to the state's highest court (in this case, the Court of Criminal

---

[52]*Id*. at 694.

[53] As part of the plea agreement, Petitioner was informed that if he provided true information leading to the discovery of a gun smuggled into the jail and was not involved in the smuggling, then the State would present the trial court with a plea agreement for seven years' confinement. Based on Petitioner's information, a gun was recovered from the jail. However, testimony in the record from the punishment phase of Petitioner's trial reveals that Petitioner was involved with the smuggling of the gun. The state habeas judge found that this testimony was convincing beyond a reasonable doubt. Because Petitioner was involved with the smuggling of the gun, he could not have met his end of the plea agreement.

[54] *Castille v. Peoples*, 489 U.S. 346, 351 (1989), *quoting Picard v. Connor*, 404 U.S. 270, 275 (1971). *See also Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998) (vacating and remanding a district court's *sua sponte* review of a claim not previously brought before state court).

Appeals) does not meet this fair presentation requirement.[55] The requisite exhaustion "may nonetheless exist if it is clear that [the claims] are now procedurally barred under [state] law,"[56] but the Supreme Court has held that contentions that were not resolved on the merits in state proceedings due to Petitioner's failure to raise them and are subsequently raised in federal courts are properly dismissed.[57] "Review of the claim should be barred on habeas, as on direct appeal, absent a showing of cause for the noncompliance."[58]

AEDPA gives federal courts the ability to deny an application for a writ of habeas corpus on the merits despite a party's failure to fully exhaust state remedies.[59] As such, even if this claim is unexhausted, the court has the option to consider the petition on its merits rather than dismissing for a procedural reason. This Court finds that an examination on the merits is warranted.

The claim that trial counsel induced Petitioner into hiring him is not a habeas claim. If Petitioner believes that trial counsel did not fulfill his side of the contract or that a fraudulent misrepresentation has been made on the part of trial counsel, Petitioner may properly bring these claims before a state court in separate proceedings. The only part of this claim that is relevant to a habeas corpus proceeding is that trial counsel did "nothing" to protect Petitioner's rights, and that

---

[55] *Castille*, 489 U.S. at 351.("The Court of Appeals below held, and respondent contends here, that the submission of a new claim to a State's highest court on discretionary review constitutes a fair presentation. We disagree.").

[56] *Id*. at 351-52.

[57] *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

[58] *Id*. at 84.

[59] 104 P.L. 132 § 104(2). ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.").

issue is addressed in Plaintiff's other objections.

**Petitioner objects to the finding that federal habeas relief is unavailable for a claim that newly discovered evidence diminishes culpability.**

Guiding the court's determination of whether "the interest of justice" requires a new trial is a four point test set forth by the Fifth Circuit. Known as the *Berry* test, in reference to the 1851 Georgia Supreme Court decision from which it is drawn,[60] it requires that the Petitioner prove four elements. His "failure to satisfy one part of this test requires denial of the motion for new trial."[61]

The four elements the Petitioner must show are that the evidence is "newly discovered and was unknown to him at the time of trial; that the failure to discover the evidence was not due to his lack of diligence; that the evidence is not merely cumulative, but is material; and that the evidence would probably produce an acquittal."[62] In the case at hand, Petitioner does not argue that the affidavit of Deborah Ann Hadsell would produce an **acquittal** and so does not meet the *Berry* test.[63]

**CONCLUSION**

The Petitioner's application for writ of habeas corpus is hereby **DENIED** with prejudice. The

---

[60] *Berry v. State*, 10 Ga. 511 (1851).

[61] *U.S. v. Pena*, 929 F.2d 751, 758 (5th Cir. 1991).

[62] *U.S. v. Blackthorne*, 378 F.3d 449, 452 (5th Cir. 2004).

[63] Even if the *Berry* test is found to apply to cases where the Petitioner does not seek acquittal, but rather a substantial reduction in sentencing, it is the opinion of this Court that Ms. Hadsell's affidavit would not "probably produce" such a result. Ms. Hadsell's affidavit is hearsay. Even if admitted it would, at best, lead to impeachment of Ginger Martinez's testimony. That still leaves the testimony of Jamie Martinez, David Martinez, Leonard Martinez, Officer Muñoz, and Officer Carreon; the evidence produced in the search of Petitioner upon his arrest; and the results of the identification proceeding. Petitioner would therefore be unlikely to prove that the new evidence would grant him the sentence reduction that he seeks.

Clerk is instructed to enter Judgment on behalf of the Respondent.

It is so ORDERED.

SIGNED this 17th day of June, 2008.


XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE